[Sac. No. 1208.   Department Two.—January 27, 1906.]

## T. W. WEBB et al., Appellants, v. SYLVESTER CARLON, Administrator, etc., et al., Respondents.

MINING CLAIMS—CONFLICTING LOCATIONS—SUBSEQUENT DATE OF PRIOR NOTICE — EVIDENCE — PROVED FACT.—Where there are conflicting locations of the same mining claims, the rights of the parties are governed by the fact of prior location, of which the written date of the notice is, at the most, but evidence; and where the prior location notice bears a date subsequent to the date of the second location, the error in such notice, however caused, must give way to the proved fact of prior location.

ID.—SUBSEQUENT LOCATORS NOT INJURED—ESTOPPEL.—Where the location by defendants' grantor was in fact made before plaintiffs entered upon the land, and the notice of it was there visible, and its boundaries marked, plaintiffs could not have been misled by the erroneous date of the notice, but must have known that a location prior to their attempted one had been made, and cannot be heard to say that they were in any way injured by the error in date.

· APPEAL from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

F. W. Street, for Appellants.

J. B. Curtin, for Respondents.

HENSHAW, J.—Plaintiffs' action was to quiet their title to a piece of mining ground to which defendants claim the possessory right by prior location of one Cleveland. The court found that Cleveland in 1899, being duly qualified to locate and hold mineral lands, made a discovery of a lode of quartz carrying gold in sufficient quantities to justify exploration, and duly located his claim, and then, in accordance and in conformity with the mining rules and regulations of Tuolumne County regarding recordation, placed the fee for such recordation (five dollars in gold coin), with a copy of his notice, in an envelope, addressed to the mining recorder of Tuolumne Mining District, in Sonora, Tuolumne County, California, with postage prepaid thereon, and deposited the envelope in the United States post-office at Groveland. This letter never reached the mining recorder, and consequently no recordation was made of his claim. Cleveland did not discover this fact until shortly before the twentieth day of October, 1900. He then went upon the claim, relocated it in all respects as required by the laws of the United States and the mining rules and regulations of Tuolumne County, and caused recordation to be made, as the rules required, within thirty days thereafter. The only irregularity in these proceedings is, as the court finds, that while the location was actually made upon October 20th, the notice of the location was dated October 23d. The court upon this says that Cleveland dated the notice

of location as of October 23d, for the reason that one Conwell, whose name is signed to the notice of location as a witness thereof, had previously promised and agreed with Cleveland to be on the land on October 23d and witness the location. Plaintiffs Webb and Curley entered upon the land and made their location upon October 22d, and their location likewise complied with the statutes of the United States and the local mining regulations. The court, upon these facts, found that the Cleveland location of October 20th, being prior in time, was better in right, and rendered judgment accordingly. The single question presented upon this appeal is whether, as appellant contends, Cleveland is bound° by the date which he gave in his notice and is estopped from denying that October 23d was the true date of his relocation. If he is, then plaintiffs' location of October 22d takes precedence.

Section 2324 of the Revised Statutes of the United States [U. S. Comp. Stats. 1901, p. 1426] provides that all records of mining claims hereafter made shall contain the name or names of the locators, the date of the location, etc. It is upon this language that the appellant insists that the date of location as fixed by the locator upon his notice must absolutely govern and control. Such a rule, however, would deprive an innocent party of any relief for fraud, ignorance, or mistake. The truth is that these rights are defined by the fact of location, of which the written date of the notice, at the most, is but evidence. The error in the notice of location, however caused, must give way to the proved fact. The land department of the United States has always been liberal in its rulings in these matters, and properly so, since it is not to be supposed that pioneers and settlers upon the government lands, and mineral prospectors following their vocations in mountain wilds, are men either versed in the intricacies of the law or with experience and knowledge sufficient to warrant · their being charged with a rigid and technical compliance with all its requirements. Indeed, they may often have lost track of the date, and, as is said by Commissioner McFarland (1 Land Dec. Dep. Int. 453) : "The date of settlement is not only a question of fact, but one of mixed law and fact. Many settlers, through ignorance of what constitutes valid settlement, allege a date anterior or subsequent to the actual date, such allegation being on their part to a large extent a conclusion of

law, and the uniform practice of this office has been in contested and *ex parte* cases to find the date of settlement from the evidence in the case, and that date so found must control the adjudication of their right without regard to the alleged date." In *Zinkand* v. *Brown*, 3 Land Dec. Dep. Int. 380, the secretary of the interior lays down the same rule. In *Campbell* v. *Rankin*, 99 U. S. 264, the Supreme Court, speaking of the rules and customs of a mining community, says: "Such rules and customs no more determine who was the first locator or where he located, than any other competent evidence of that fact." The location of Cleveland having been made before plaintiffs entered upon the land, and the notice being there visible and the boundaries marked, they could not have been misled by the erroneous date. They must have known that a location had been made prior to their own attempted one, and they certainly cannot be heard to say that they were in any way injured by Cleveland's error.

The judgment appealed from is therefore affirmed.

McFarland, J., and Lorigan, J., concurred.