# YOSEMITE GOLD MINING AND MILLING COMPANY *v.* EMERSON.

### ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 69.   Argued December 13, 1907.—Decided January 6, 1908.

The object of requiring the posting of the preliminary notice of mining claims is to make known the purpose of the discoverer and to warn others of the prior appropriation; and one having actual knowledge of a prior location and the extent of its boundaries, the outlines of which have been marked, cannot relocate it for himself and claim a forfeiture of the original location for want of strict compliance with all the statutory requirements of preliminary notice.

The determination by the trial court that the locators of a mining claim had resumed work on the claim after a failure to do the annual assessment work, required by § 2324, Rev. Stat., and before a new location had been made, and the finding by the highest court of the State that such determination is conclusive, do not amount to the denial of a Federal right set up by the party claiming the right to relocate the claim, and this court cannot review the judgment under § 709, Rev. Stat.

*Quære* and not decided, whether a forfeiture arises simply from a violation of a mining rule established by miners of a district which does not expressly make non-compliance therewith work a forfeiture.

149 California, 50, affirmed.

THE facts are stated in the opinion.

*Mr. W. C. Kennedy,* for plaintiff in error. *Mr. A. H. Jarman* was on the brief:

Coyle never made a valid location of the Slap Jack Mine, because he failed to comply with the miners' rules and the regulations of the miners of Tuolumne County, duly made in pursuance of § 2324 of the Revised Statutes of the United States, and this being so the ground at the time of the location by McWhirter was open, public mineral land of the United States.

To make a location of a mining claim under these rules and regulations the United States laws must be followed in reference to marking the boundaries on the ground so that the same may be readily traced, and, in addition thereto, a notice of location must be posted at each end of the claim. When this is done a claim is located, and not before. These initiatory steps must be taken before any right vests in the locator. There must be a vested right of some kind before there can be a forfeiture of that right. A man cannot forfeit that which he has not, or never has had. *Adams* v. *Crawford,* 116 California, 498.

The recording of the notice is not an act of location, but something that follows the acts of location. The acts of location are what are done upon the ground. The local rules of Tuolumne County prescribed what should be done upon the ground in order to make the location, and these rules should have been followed.

The rules so adopted by the miners of the district, except where in conflict with some laws of the United States or of the State of California, being authorized and sanctioned by express statutory enactment, are, when in force, as valid and binding as if they were a part of the statute itself. *Gird* v. *California Oil Co.,* 60 Fed. Rep. 531–534. See also *Howeth* v. *Sullinger,* 113 California, 550; *Carter* v. *Baccigalupi,* 83 California, 188; *Northmore* v. *Simmons,* 97 Fed. Rep. 388; and *Harvey* v. *Ryan,* 42 California, 626.

Miners have the authority of the United States statutes and the law of the State of California, authorizing and empowering

them to make regulations governing the location of a minir claim, and such regulations must be followed, otherwise th attempted location not following such regulations is invalid *ab initio.*

*Mr. John E. Laskey,* with whom *Mr. J. P. O'Brien* was on the brief, for defendants in error:

After a claim has been marked on the ground and after the notice has been recorded, the notice posted on the claim has served its purpose, and it then becomes *functus officio.* Thereafter it is immaterial whether one notice or a dozen has been posteu.

Besides, the mining rules of the Tuolumne Mining District do not provide a penalty for a failure to post two notices; consequently that requirement is simply directory and does not operate as a forfeiture of title.

The failure of a party to comply with a mining rule or regulation cannot work a forfeiture of his title thereto unless the rule itself so provides. *Emerson* v. *McWhirter,* 133 California, 511; *McGarrity* v. *Byington,* 12 California, 426; *Bell* v. *Red Rock T. & M. Co.,* 36 California, 214; *Rush* v. *French,* 1 Arizona, 99; *Johnson* v. *McLaughlin,* 1 Arizona, 493; *Jupiter M. Co.* v. *Bodie M. Co.,* 11 Fed. Rep. 666; *Flaherty* v. *Gwinn,* 1 Dak. Append. 509.

When McWhirter attempted to relocate the Slap Jack Mine he had all the knowledge and information concerning the prior location thereof which he could possibly have obtained if a dozen notices had been posted upon the claim. He was not, and could not, therefore, be injured or misled in any way by the failure of Coyle to post the second notice.

Mining rules enacted by the miners for their own protection should be liberally construed so as to effectuate that purpose. *Talmadge* v. *St. John,* 129 California, 430.

It was not intended by the framers of these rules that they should be given such a hypertechnical construction as would enable a midnight marauder to despoil a locator of the fruits

of his industry. *Lawson* v. *United States Mining Co.*, 207
U. S. 1.

MR. JUSTICE DAY delivered the opinion of the court.

This case originated in an action brought to quiet title to a
certain mining claim called the Slap Jack Mine situated in
Tuolumne County, California. The case was twice in the
Supreme Court of California. In the first trial the Superior
Court of Tuolumne County gave judgment in favor of the
then defendant McWhirter; on appeal this judgment was
reversed. 133 California, 510. After the case went back the
present plaintiff in error, the Yosemite Gold Mining and Mill-
ing Company as the successors in interest to McWhirter and
defendants Argall, was made a defendant.

As to the Argall interest, covering nine-twentieths of the
property, based on the same location, while judgment was ren-
dered in the court below as to this interest against the present
plaintiff in error, in the Supreme Court a new trial was awarded
and the case remanded, and with that interest we have noth-
ing to do upon this writ of error.

As to the remaining eleven-twentieths, the court rendered
a final judgment against the present plaintiff in error, Yosemite
Gold Mining and Milling Company, decreeing that the defend-
ants in error F. F. Britton and Anne L. Emerson were each
the owner of one undivided fourth part of the claim, and de-
fendant in error Miller the owner of the one undivided twentieth
part thereof. 149 California, 50. To this judgment the present
writ of error is prosecuted.

We proceed to examine the questions which are now in this
court. The mining claim of the Yosemite Gold Mining and
Milling Company, plaintiff in error, is based upon the attempted
location thereof within the same limits as the original Slap
Jack Mine, made by McWhirter on January 1, 1899, shortly
after midnight. McWhirter undertook to "jump" the former
claim upon the theory that the assessment work for the year

1898 required by § 2324, Rev. Stat., as amended in 1880, 21 Stat. 61, 2 U. S. Comp. Stat. 1426, had not been done.

The first contention made by the plaintiff in error is that one Coyle, under whom the defendants in error claim title, never made a valid location of the mining claim, because he posted but one notice of location upon the claim. Under the authority of § 2324, Rev. Stat., *supra,* the miners of every mining district are given authority to make regulations not in conflict with the laws of the United States or any State or Territory in which the district is situated. 2 Comp. Stat. 1426. Section 3 of the Mining Rules and Regulations of Tuolumne Mining District of Tuolumne County, California, provides:

"SEC. 3. Mining claims hereafter located in said district upon veins or lodes of quartz, or other rock, or veins of metal, or its ores, shall be located in the following manner, to wit: By posting thereon two notices, written or printed upon paper, or some metallic or other substance, each to be posted in such manner as to expose to view the full contents of the notice, one of which shall be posted in a conspicuous place at each end of the claim. Said notices shall contain the name or names of locators, the date of the location, and such a description of the claim or claims located, by reference to some natural object or permanent monument as will identify the claim. Said notice may be in the following form, to wit:

" 'Notice is hereby given that the undersigned have taken up — hundred feet of this vein or lode, and that the claim so taken up is described as follows: (Here insert description.) Dated — day of ——, 18—.

" 'A. B.
" 'C. D.' "

The Supreme Court of California held that its decision in the present case upon this question was concluded by the ruling made upon the first appeal, which decision continued to be the law of the case. Upon the first appeal (133 California, 510) it was held that the failure to comply with the mining

rules in this respect would not work a forfeiture of title, inasmuch as there was nothing in the rules which made noncompliance a cause of forfeiture; that unless the rule so provided, the failure to comply with its requirements would not work a forfeiture. The court cited other California cases to the same point and cases from the Supreme Court of Arizona, *Rush* v. *French*, 1 Arizona, 99; *Johnson* v. *McLaughlin*, 1 Arizona, 493; also the decision of Judge Sawyer in *Jupiter Mining Company* v. *Bodie Consolidated Mining Company*, 11 Fed. Rep. 666. There seems to be a conflict in state decisions upon this subject. The Supreme Court of Montana differs with the Supreme Court of California. *King* v. *Edwards*, 1 Montana, 235, 241. As does also the Supreme Court of Nevada. *Mallett* v. *Uncle Sam G. & S. M. Company*, 1 Nevada, 188. Lindley, in his work on Mines, seems to prefer the California rule as a "safe and conservative rule of decision, tending to the permanency and security of mining titles." 1 Lindley on Mines (2d ed.), § 274. But in view of the facts of this case we do not deem it necessary to decide whether a forfeiture will arise simply from a violation of this mining regulation.

It appears in this record that McWhirter's location was made about three years after the Coyle location, and after the record of the notice and the marking of the claim on the grounds so that the boundaries could be readily seen. Furthermore it appears from the testimony of McWhirter:

· "I knew the Jim Blaine Mine, formerly the Slap Jack Mine. I went on the property first on Saturday, December 31st, 1898. I went with James Paul. I looked over the ground. Mr. Paul showed me the boundaries of the claim. I ascertained the different points of the claim and the monuments. . . . When I attempted to locate the claim known as the Jim Blaine Mine I was attempting to 'jump' or relocate the Slap Jack Mine. The ground embraced within the exterior boundaries of the Jim Blaine Mine was the same ground included within the exterior boundaries of the Slap Jack Mine. When I was on the ground on December 31, 1898, I knew the boundaries of

the Slap Jack Mine. They were pointed out to me by Mr. Paul on December 31, 1898."

In further course of examination he testifies that he was sent up by another party to jump the Slap Jack Mine. McWhirter was not undertaking to take advantage of the want of notice, but was "jumping" the claim on the theory that the required amount of assessment work for 1898 had not been done. To hold that the want of notice under such circumstances would work a forfeiture would be to permit the rule to work gross injustice and to subvert the very purpose for which it was enacted. The object of posting the preliminary notice of the claim is to make known the purpose of the discoverer to claim title to the same to the extent described and to warn others of the prior appropriation. Lindley on Mines (2d ed.), § 350. In this case the locator had gone beyond this preliminary notice; the outlines of the claim had been marked, and the extent of the claim was fully known to McWhirter when he attempted his location. He knew all about the location and boundaries of the claim that any notice could have given him. He undertook to locate his new claim precisely within the boundaries of the old one, and was seeking to take advantage of the want of compliance with the statutory requirement as to the amount of annual assessment work to be done. Having this knowledge, we hold that McWhirter, and those claiming under him, could not claim a forfeiture of title for want of preliminary notice under the former location. We thus dispose of the only question which could be held to raise a Federal question. Upon the other points made as to the McWhirter interest, we think this case presents no Federal question.

The contention is made that the assessment work required by § 2324, Rev. Stat., was not done for the year 1898. As pointed out by the Supreme Court of California, § 2324 provides: The mine "shall be open to relocation in the same manner as if no location of the same had ever been made, provided the original locators, their heirs, assigns or legal

representatives, have not resumed work upon the claim after failure and before such location." The trial court found that the work had been resumed before the attempted adverse location. After reciting the conflict of testimony in the trial court as to whether the work had been resumed within the meaning of the statute, so as to prevent such adverse location, the Supreme Court said: "It was for the trial court to determine this conflict, which it has done by the finding in question, and its determination is conclusive upon this appeal."

In thus deciding the Supreme Court of the State did not, within the meaning of § 709, Rev. Stat., decide any right of Federal origin adversely to the plaintiffs in error. It simply held that there was a conflict of testimony in the record upon this subject, and that the conclusion of the court below upon this matter of fact was conclusive upon the appellate court. This does not amount to a denial of a Federal right, concerning which the plaintiff in error had especially set up his claim so as to give the right of review of the decision of the state Supreme Court in this court. *Dower* v. *Richards*, 151 U. S. 658, and cases therein cited.

The judgment of the Supreme Court of California is

*Affirmed.*