[Sac. No. 2756.  In Bank.—September 3, 1919.]

## HUGH E. STOCK et al., Appellants, v. WILLIAM R. PLUNKETT, Respondent.

[1] MINING LAW—LOCATION OF CLAIMS—LOCAL REGULATIONS AND CUS-TOMS—RECOGNITION BY UNITED STATES LAWS—CONSTRUCTION OF STATE STATUTES.—The laws of the United States (U. S. Rev. Stats., secs. 2318–2320, 2324), with reference to the location of mining claims, expressly recognize the validity of local mining regulations and customs governing locations, and state statutes are construed to have the same force and effect as such regulations.

[2] ID.—VALID LOCATION UNDER UNITED STATES LAW—NONCOMPLIANCE WITH STATE STATUTES—VALIDITY AGAINST SUBSEQUENT LOCATORS. Subsequent locators of a quartz mining claim who have seen and read the location notice of a prior locator cannot take advantage of the fact that such notice was not dated, or of the fact that it was not recorded as required by sections 1426 and 1426b of the Civil Code, where it was signed by the locator and the laws of the United States pertaining to locations had been fully complied with.

APPEAL from a judgment of the Superior Court of Stanislaus County. W. H. Langdon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edwin V. McKenzie, Harry A. McKenzie and William F. Herron for Appellants.

A. H. Ricketts for Respondent.

WILBUR, J.—A transfer to this court was ordered in the above cause, after an affirmance of the judgment of the superior court by the district court of appeal for the third appellate district.

The action is an ejectment, involving a contest arising between two locators of a quartz mining claim. The respondent, the first locator, posted an undated notice upon the property on November 13, 1914. The appellants, the subsequent locators, saw such notice before posting their notice of location, observed that it was undated, and base their claim to the property upon the proposition that the notice in question

CLXXXI Cal.—13

failed to comply with section 1426 of the Civil Code, which requires a location notice to be posted upon a quartz claim, containing, among other things, the date of location, and upon the further assertion that the prior locator did not within thirty days after the posting of his notice of location cause a true copy thereof to be recorded in the office of the county recorder of the county in which the quartz claim was situated, as required by the provisions of section 1426b of the Civil Code. It is conceded that the prior locator fully complied with the laws of the United States pertaining to such location. The only question in the case is the effect of the failure to comply with the provisions of our Civil Code requiring the posting and recording of a dated location notice. The subsequent locators were informed by the posted location notice of the prior claim of the respondent and the extent thereof. `By inquiring of the respondent, whose name was signed to the notice, they could have ascertained the nature of his claim and the date of his location. Consequently appellants are charged with knowledge thereof. (Civ. Code, secs. 18, 19.) **[1]** The laws of the United States with reference to the location of mining claims expressly recognize the validity of local mining regulations and customs governing locations, and state statutes are construed to have the same force and effect as such regulations. (*Daggett* v. *Yreka Mining Co.*, 149 Cal. 357, [86 Pac. 968]; U. S. Rev. Stats., secs. 2318–2320, 2324, [Comp. Stats., secs. 4613–4615, 4620]; *Clason* v. *Matko*, 223 U. S. 646, [56 L. Ed. 588, 32 Sup. Ct. Rep. 392, see, also, Rose's U. S. Notes].) The question involved here is whether respondent's location, which conforms to the requirements of the United States statute, but fails to conform to the state statute, is valid as against subsequent locators who have seen and read the location notice. This is a federal question and the principle involved has been passed upon by the United States supreme court (*Yosemite Min. Co.* v. *Emerson*, 208 U. S. 25, [52 L. Ed. 374, 28 Sup. Ct. Rep. 196, see, also, Rose's U. S. Notes]; *Butte & Superior Copper Co., Ltd.,* v. *Clark-Montana Realty Co.*, 249 U. S. 12, [63 L. Ed. 447, 39 Sup. Ct. Rep. 231]), and by the circuit court of appeals of this circuit (*Butte & Superior Copper Co., Ltd.,* v. *Clark-Montana Realty Co.*, 248 Fed. 609, [160 C. C. A. 509]). The decisions of the former

are binding on this court and those of the latter are entitled
to great weight in determining such federal question.

The supreme court of the United States since the decision
of the district court of appeal in this case, in *Butte & Su-
perior Copper Co., Ltd.,* v. *Clark-Montana Realty Co., supra,*
has held that subsequent locators, having knowledge of the
previous location, could not avail themselves of defects in
the prior location, and in so holding declared that it was
unnecessary to determine which was correct—the decisions
of the Montana supreme court, holding that the defect in
question, a failure to comply with the state law in refer-
ence to the recordation of a certificate of location, invalidated
the location, or the rule announced by the district court
(*Clark-Montana Realty Co.* v. *Butte & Superior Copper Co.,
Ltd.,* 233 Fed. 547) and affirmed by the circuit court
of appeals of the ninth circuit (*Butte & Superior
Copper Co., Ltd.,* v. *Clark-Montana Realty Co.,* 248 Fed.
609, [160 C. C. A. 509]) in the same case, declining
to follow the Montana supreme court. The decision
of the district court and its affirmance by the circuit court
of appeals in the last-mentioned case were based upon the
rule that where the local statute failed to expressly declare
the invalidity or forfeiture of a location which did not con-
form to the state law, a failure to comply therewith did not
work a forfeiture. While the United States supreme court
refrained from deciding this point, its decision in that case
determines the proposition that such location, even though
failing to comply with the state law, was good as against
a subsequent locator, having notice thereof. This is made
clear by the following statement in the opinion: "The district
court and the circuit court of appeals affirming it decided
both issues against appellant on the grounds: (1) That the
Montana cases did not furnish the rule of decision for the
federal courts, the better reasoning being (for which cases
were cited) that as the Montana statute did not impose a
forfeiture, hence none resulted from defects in the declara-
tory statement of the Elm Orlu.    (2) That the Elm Orlu
people (the first locators) were in possession of their claim,
working the same—of which the Black Rock people (the sec-
ond locators) had knowledge, and that hence the latter could
not avail themselves of the defects in the location of the Elm
Orlu.  *Yosemite Min. Co.* v. *Emerson,* 208 U. S. 25, [52

L. Ed. 374, 28 Sup. Ct. Rep. 196, see, also, Rose's U. S. Notes], was adduced. In the latter ground we concur, and we need not express opinion of the other, although it has impressive strength and was conceded to have in *Yosemite Min. Co.* v. *Emerson.* . . . *Yosemite Min. Co.* v. *Emerson* was concerned with a regulation of the state of California which prescribed the manner of the location of a claim. The regulation had not been conformed to and the validity of the location was attacked on that ground by a subsequent locator who had had notice of the claim, he contending that there was forfeiture of it. The contention was rejected and we said that to yield to it would work great injustice and subvert the very purpose for which the posting of notices was required, which was, we further said, 'to make known the purpose of the discoverer to claim title to the' claim 'to the extent described and to warn others of the prior appropriation.' The comment is obviously applicable to the asserted defects in the declaratory statement of appellees. It, like the California requirement, had no other purpose than 'to warn others of the prior appropriation' of the claim, and such is the principle of constructive notice. It—constructive notice—is the law's substitute for actual notice, and to say that it and actual notice are equivalents would seem to carry the self-evidence of an axiom. Besides, in this case there was an unequivocal possession of the Elm Orlu and it is elementary that such possession is notice to all the world of the possessor's rights thereunder." The case of *Yosemite Min. Co.* v. *Emerson,* 208 U. S. 25, [52 L. Ed. 374, 28 Sup. Ct. Rep. 196, see, also, Rose's U. S. Notes], thus referred to by the supreme court of the United States, was a decision rendered on a writ of error from this court. The question involved was the validity of a location where the locator had posted only one notice at one end of a claim, while the local mining regulations of Tuolumne County required the posting of two notices, "one of which shall be posted in a conspicuous place at each end of the claim." This court held upon the first appeal of that litigation (*Emerson* v. *McWhirter,* 133 Cal. 510, [65 Pac. 1036]) that in the absence of an express declaration in the mining rules that such failure worked a forfeiture of the mining claim, it would not have that effect. The case having been reversed, it was retried and again appealed to this court, after substitution of parties, and it

was held that this decision had become the law of the case. (*Emerson* v. *Yosemite Gold Min. & Mill. Co.*, 149 Cal. 50, [85 Pac. 122].) The supreme court of the United States upon the writ of error declined to pass upon the question of whether or not the failure to comply with the local mining regulations invalidated the location, holding that that question was immaterial in view of the knowledge of the subsequent locator of such defective location. **[2]** It follows from these decisions of the supreme court of the United States that the appellants herein having seen and read the prior location notice of the respondent cannot take advantage of the fact that such notice was undated, or of the fact that it was not recorded. It is claimed, however, that whatever the view of courts of other jurisdictions, our own court has affirmatively decided in *Dwinnell* v. *Dyer*, 145 Cal. 12, [7 L. R. A. (N. S.) 763, 78 Pac. 247], that a failure to comply with a law of this state with reference to location notices invalidates such location. Even if this were true, we would be bound to follow the decisions of the supreme court of the United States. The case of *Dwinnell* v. *Dyer* dealt with mining locations that had been made under the statute of 1897, regulating the posting and recordation of a mining location notice (Stats. 1897, p. 214), which expressly provided that locations which did not conform thereto were void. (Id., sec. 6.) While that provision of the statute is not specifically pointed out in the decision, it is evidently the basis of the assumption by the attorneys and by the court that locations which failed to conform to the state statute were void. Previous to the enactment of this statute this court had held in *Donahue* v. *Meister*, 88 Cal. 121, [22 Am. St. Rep. 283, 25 Pac. 1096], decided in 1891, and *Emerson* v. *McWhirter, supra,* decided in 1901, that a failure to conform to a local regulation with reference to the manner of making a location, in the absence of a rule declaring a forfeiture for such failure, did not render it invalid, and could not be taken advantage of by a subsequent locator having knowledge of the actual location. We had also held in *Webb* v. *Carlon*, 148 Cal. 555, [113 Am. St. Rep. 305, 83 Pac. 998], decided in 1906, involving a location made after the repeal of the statute of 1897, that a failure to comply with a mining rule which required the record of a mining location in Tuolumne County, did not invalidate the claim by reason of an erroneous date (the notice having been posted

October 20th but dated October 23d), as against one who located the claim October 22d, although under section 2324 of the Revised Statutes of the United States it was required that records of locations when made should contain the date of the location, etc. It should be noted also that the legislation of 1909 is essentially different from that of 1897, in that the law of 1909 did not, and the law of 1897 did, declare a forfeiture for a failure to comply therewith. Furthermore, in view of the fact that previous to the enactment of sections 1426 et seq. of the Civil Code in 1909, this court had held that a failure to conform to mining rules governing a location did not invalidate the location when the rule did not expressly so declare (*Emerson* v. *McWhirter*, 133 Cal. 510, [65 Pac. 1036]), and that the United States circuit court of appeals of this district had, in effect, adopted the same rule of decision (see *Butte & Superior Copper Co., Ltd.,* v. *Clark-Montana Realty Co.,* 248 Fed. 612, [160 C. C. A. 509], and cases cited); and that this court had held that such failure did render a location invalid where the local rule or statute did expressly declare such invalidity (*Dwinnell* v. *Dyer, supra*); and that the United States supreme court had concurred in that view in *Butte City Water Co.* v. *Baker,* 196 U. S. 119, [49 L. Ed. 409, 25 Sup. Ct. Rep. 211], a case from Montana; see, also, *Clason* v. *Matko,* 223 U. S. 646, [56 L. Ed. 588, 32 Sup. Ct. Rep. 392, see, also, Rose's U. S. Notes], decided in 1912), the fact that the legislature did not expressly declare that a failure to comply with its new regulations concerning mining locations would invalidate such locations is conclusive that no such result was intended.

As the point involved in this case is thus covered by our own and by authoritative decisions of the supreme court of the United States, it is unnecessary to discuss or consider the numerous cases cited from other states, or federal courts.

It follows that the location notice of the respondent, even though undated, was sufficient to establish his rights against the appellants—subsequent locators having notice of the prior location.

The judgment is affirmed.

Shaw, J., Lennon, J., Lawlor, J., Melvin, J., and Angellotti, C. J., concurred.

OLNEY, J.—I dissent.  The main opinion in its discussion is beside the mark and touches upon the real point involved only in the most casual fashion.  Its conclusion is rested primarily upon the authority of *Butte & Superior Copper Co., Ltd.,* v. *Clark-Montana Realty Co.,* 249 U. S. 12, [63 L. Ed. 447, 39 Sup. Ct. Rep. 231], very recently decided by the supreme court of the United States.  The essential facts in that case were that while the first locators were in actual— not merely constructive—exclusive, and notorious possession of the claim and working it, the second locators attempted to locate it, relying upon the fact that the notice of location by the first locators was defective in some particular required by the statutes of Montana, in which state the claim was situate. The court held that under these circumstances the second location was inferior to the first, putting its decision in express terms solely on the ground "that the Elm Orlu people [the first locators] were in possession of their claim, working the same—of which the Black Rock people [the second locators] had knowledge—and hence the latter could not avail themselves of the defects in the location of the Elm Orlu."  Without exception every decision cited in the main opinion here to support its conclusion upon this point involves similar facts. These decisions are to the point alone, that where a would-be locator has notice or knowledge of a subsisting and genuine prior location, and particularly when the first locator is in actual possession of and working the claim, which fact is notice to all the world, the would-be locator cannot take advantage of defects in the posted or recorded notice of the first locator, that he has in fact the notice or knowledge which it was the purpose of the statute should be given by the posted or recorded notice required, and that having such notice or knowledge it is enough.

But the present case is not of that character.  The first locator made his location on November 13, 1914.  He posted a location notice, but it was undated.  The location would expire at the end of the following year unless the necessary assessment work was done.  It was impossible for anyone reading the notice to know when it would so expire or in the absence of assessment work that there was a subsisting location there claimed.  Nor did the first locator record his notice so that any information could be derived from that source.  He did not do the assessment work or remain in

possession of the property. Some ten months later, in September, 1915, the second locator came upon the ground which was wholly unoccupied. So far as appears he had no notice or knowledge of the first location, except such as he received from the undated notice of the first locator, which he found and read. But this did not, as has been indicated, inform him as to the essential point for which a posted and recorded notice is required by the statute, namely, that there was a then subsisting location. So far as he could tell, the ground might at that time have been wholly unclaimed and open to location. The second locator, by an employee, remained in actual possession of the property, doing work thereon until the following month, October, when the first locator came upon the scene, rifle in hand, to do his assessment work, and ejected the employee of the second. It is plain that such facts are not within either the actual decision or the principle of such cases as *Butte & Superior Copper Co., Ltd.,* v. *Clark-Montana Realty Co., supra.*

On the other hand, the facts do bring the case within the principle of *Butte City Water Co.* v. *Baker,* 196 U. S. 119, [49 L. Ed. 409, 25 Sup. Ct. Rep. 211, see, also, Rose's U. S. Notes], where it was held that the first location was inferior to the second, when the notice of the first location did not contain certain matter required by the Montana statutes. The main opinion here cites the last-mentioned decision as one ''where the local rule or statute did expressly declare such invalidity.'' The decision is not put on that ground and the statute did not in fact so provide. (*Butte & Superior Copper Co., Ltd.,* v. *Clark-Montana Realty Co.,* 248 Fed. 609, 612, [160 C. C. A. 509].)

The true doctrine of the cases may, I believe, be stated with fair accuracy as follows: (a) If the requirements of the statute are observed, the location is valid and is protected against subsequent locators, regardless of whether they have notice or knowledge of the first location or not. (b) Conversely, if the requirements of the statute are not complied with, as, for instance, if the location notice is defective in a material particular, and a second location is made in good faith by a party who has neither knowledge nor notice, actual or constructive, of the first location, the first location, being defective, will not be protected but is inferior to the second. If this is not the case the whole state statute might just as

well have never been enacted. (c) If the first location be defective, but the second location be made by a party who had knowledge or notice of the prior location, and particularly where there is such notice because the first locator is in actual possession working the claim, the first location, although defective, is nevertheless superior to the second location so made. ·

If the foregoing is a correct statement, the first location here was defective and the real question in the case is whether or not the reading by the second locator of the undated notice posted by the first, is sufficient to charge him with notice of the first location. Practically all that is said in the main opinion on this point is that the second locator by inquiring of the first could have ascertained the date of the location, and therefore he should be charged with knowledge of it. But could the second locator inquire of the first? He may not know who he is or where he is to be found. If the first locator is a wandering prospector who has apparently gone his way and the notice is old, as it was in this case, finding him would be a most uncertain task. Locations are frequently, if not usually, made in remote and almost inaccessible places, and the legislation should be reasonable as to locations so made. It seems to me wholly unreasonable to require of a locator prospecting ground on which there is an old and undated location notice either to spend days, weeks, or maybe months, hunting the first locator or else to spend his time, labor, and possibly money in making a discovery at his peril. It is easy to imagine, also, just how much information the first locator would probably give when inquiry was made of him, and just how much reliance could be placed in any statement he might make. In the majority of cases the only result of an inquiry of the first locator would be a hasty and immediate trip on his part to the claim to see what was there, with a consequent probability of litigation and a fair chance of more violent methods of settling the almost certain dispute. I do not believe the second locator can properly be charged with the duty of inquiring of the first under such circumstances.

Rehearing denied.

All the Justices, except Olney, J., concurred.