[Crim. No. 1984.   First Appellate District, Division One.—August 31, 1937.]

In the Matter of the Application of G. FERRIGNO for a Writ of Habeas Corpus.

J. Thaddeus Cline for Petitioner.

Mathew O. Tobriner for Respondent.

Raymond D. Williamson for Respondent Sheriff of the City and County of San Francisco.

THE COURT.—Petitioner for some time previous to February 6, 1937, was engaged in the business of manufacturing macaroni, and was duly licensed as such by the director of agriculture of the state of California under the provisions of the California Marketing Agreement Act of 1935. On the above date the California Macaroni Industry Board of Northern California—which board was appointed under the act by the director, brought an action in the Superior Court of the City and County of San Francisco against petitioner, alleging that he had in violation of the act offered to sell and sold certain of his products for prices less than those set out in his price-list filed with the director pursuant to the act. The complaint prayed an injunction, restraining such violation, and for general relief.

Petitioner appeared, and by stipulation consented that a final judgment be entered against him as prayed. It was further stipulated, however, that the judgment should not provide for costs or pecuniary damages, such being waived by plaintiff; that plaintiff should also waive any rights of action which it might have arising out of alleged violations of the marketing agreement and accruing prior to the date of the entry of the final judgment and the injunction therein to be provided for, and particularly not to commence any action or proceeding in its name or otherwise under any of the provisions of the marketing agreement which might be predicated upon such alleged violations. The decree, entered pursuant to the stipulation, provided that the petitioner be permanently enjoined and restrained from selling, offering for sale, marketing or otherwise distributing any macaroni or macaroni products in the state of California, in violation of the provisions of the license for the macaroni industry of California issued by the director of agriculture on the 23d day of April, 1936. Subsequently an order issued, directing petitioner to show cause why he should not be punished for contempt for a violation of the judgment and injunction in that he "did so sell, offer for sale, market and otherwise distribute macaroni and macaroni products in the state of California in violation of the provisions of said license, without fulfilling the terms and requirements of said license, in that

he failed to pay the assessment issued under and pursuant to the terms of said license, in the sum of $130''.

Petitioner appeared in response to the order, and after hearing was adjudged guilty of contempt and ordered to be imprisoned in the county jail of the city and county of San Francisco until the above sum should be paid.

It is admitted that no sales or offers of sale were made in violation of the injunction, the sole ground for contempt being that the petitioner had failed to pay the assessment.

██ The rule is well settled that a consent judgment, being regarded as a contract between the parties, must be construed as any other contract (34 Cor. Jur., Judgments, sec. 337, p. 133); and, like an ordinary judgment, when it admits of two constructions, the whole record will be examined, and that construction will be adopted that is consonant with the judgment which should have been rendered under the facts and law of the case. (*Watson* v. *Lawson,* 166 Cal. 235 [135 Pac. 961].)

██ In the present case the pleadings, the stipulation and the judgment clearly show that nothing was sought or granted other than injunctive relief against the sale of goods for prices less than those fixed by the price-list filed with the director, and this being true there existed no ground for the order in question.

It is also urged by petitioner that the act itself excludes from its provisions with respect to injunctive relief claims for assessments and fees, making these sums personal debts, collectible in ordinary suits at law. However this may be, as it is our conclusion that the judgment included no claim of this character it will be unnecessary to decide the question.

The petitioner is discharged.