In the Matter of the Application of LESLIE F. MILLINGTON, Petitioner. HAROLD R. GREGORY, Respondent.

Supreme Court, Special Term, Onondaga County, January 4, 1947.

*E. J. Page* for petitioner.

*Milton Rabow* and *Alfred L. Harrison* for respondent.

MALPASS, J. This is a motion for an order directing the cancellation of record of a judgment in the sum of $3,225 recovered in the Supreme Court of the County of Erie on December 6, 1939, a transcript of which judgment was filed in the Onondaga County Clerk's Office on December 23, 1939.

The motion is based upon the ground that the judgment debtor Millington was adjudged a bankrupt and on November 12, 1942, was discharged of his debts in bankruptcy and that the judgment involved in this motion was duly scheduled by the said Millington and that the judgment creditor was duly notified of all proceedings had in the Bankruptcy Court.

There is no dispute between the parties as to the scheduling of the judgment and notice to the judgment creditor of the bankruptcy proceedings, but the judgment creditor opposes the motion upon the ground that the judgment was for a willful and malicious injury to property and was not discharged in the bankruptcy proceedings. In view of the objections to the granting of the order, it is necessary for this court to examine the record to ascertain the nature of the action and the legal effect of the judgment rendered in said action.

The action was begun by the service of a summons and, after notice of appearance by the defendant, a complaint was served in which the plaintiff Gregory alleged that in October, 1938, he deposited with the defendant Millington the sum of $3,000 to be used in payment of the expenses of forming a corporation to take over an option for the purchase of a certain business known as the " Ideal Peerless Laundry of Jamestown, New York," and that the defendant Millington wrongfully and willfully converted said sum of $3,000 to his own use and benefit. The defendant in that action interposed an answer admitting the receipt by him of the sum of $3,000, but denied that the money was paid to him for the purpose alleged in the complaint and asserting that the money was paid over pursuant to the terms of a written agreement, which agreement is set forth in the affidavits on this motion. This is the only written evidence as to the transaction which has been brought to the court's attention and is as follows:

" October 3, 1938.

" WHEREAS, LESLIE F. MILLINGTON, of Syracuse, New York, holds an option for the purchase of the property and business

known as the Ideal Peerless Laundry, of Jamestown, New York, and

" WHEREAS, if said option is exercised he intends to associate with himself in the conduct of said business WILLIAM G. BATT, of Erie, Pa. and HAROLD R. GREGORY, of East Aurora, New York, and

" WHEREAS, said Harold R. Gregory has advanced to said Leslie F. Millington, the sum of Three Thousand ($3000.00) Dollars, to be used as hereafter agreed.

" Now, THEREFORE, said Leslie F. Millington, William G. Batt and Harold G. Gregory mutually agree as follows:

" If said option is exercised, said Harold R. Gregory, in return for so much of said $3000.00 as shall be expended for such preliminary expense, shall receive a demand note of any corporation which takes over said Laundry under said option, or, if he so elects, he may receive, instead, common stock of said corporation at par, or, if there is no par stock, then at its book value. When and if said option shall be exercised, said Harold R. Gregory shall be employed for ten (10) years, under a written contract of employment, as manager and vice president of said business, and shall receive for his services as a starting salary Fifty ($50.00) Dollars per week, it being understood that said salary shall be increased when and if the business warrants it, and in addition to such salary, he shall receive ten (10%) per cent of the net profits of the said business computed annually.

" In WITNESS WHEREOF, said parties have hereunto set their hands and seals this      day of October, 1938.

Leslie F. Millington

Witness:                           Wm. G. Batt

Harold R. Gregory

Lucile M. Seeley "

The agreement does not expressly provide that the money was to be used by the defendant Millington for the purchase of the option above mentioned, but refers to certain arrangements to be made in the event the option is exercised. The answer further alleged that the $3,000 was used by the defendant Millington in an effort to acquire the Jamestown laundry and in connection with the operation of another laundry located at Erie, Pennsylvania, all with the knowledge and consent of the plaintiff Gregory and that the defendant Millington was not guilty of any unlawful conversion of said money.

This action was placed on the calendar of the court in Erie County for trial and negotiations were had for a settlement of

the action. The attorney for the plaintiff forwarded to defendant's attorney, through the mails, a stipulation signed by the plaintiff's attorney in the following language: " It is hereby stipulated by and between the attorneys for the respective parties that the answer of the defendant be and the same hereby is withdrawn and that the plaintiff may enter judgment on the complaint; as a default in answer, without further notice." It appears from the affidavits that the defendant Millington declined to authorize his attorney to sign such stipulation but through his attorney forwarded through the mails to the attorney for the plaintiff a signed stipulation consenting that a judgment be entered against him in the following language: " It is hereby stipulated by and between the attorneys for the respective parties that a default judgment may be entered by the Clerk of Erie County, New York as provided in Sections 485 and 486 of the Civil Practice Act against the above named defendant for the sum of three thousand dollars ($3000.00), with interest thereon from the 3rd day of October, 1938 together with the costs and disbursements of this action." This stipulation was signed by the attorney for the plaintiff and judgment duly entered thereon without application to the court. This judgment was prepared by the attorney for the plaintiff and is as follows: " State of New York, Supreme Court, Erie County, HAROLD R. GREGORY, East Aurora, New York, Plaintiff against LESLIE F. MILLINGTON, 845 Ackerman Avenue, Syracuse, New York.

On filing due proof of the service of the summons in this action upon the defendant, Leslie F. Millington and notice of appearance by E. J. Page, Esq., attorney for the defendant and the stipulation consenting to the entry of the judgment by default and the affidavit of Alfred L. Harrison, attorney for the plaintiff, verified the 5th day of December, 1939.

" Now, on motion of Alfred L. Harrison, attorney for the plaintiff,

" It is Hereby Adjudged that Harold R. Gregory, residing at East Aurora, New York, recover of Leslie F. Millington, residing at 845 Ackerman Avenue, Syracuse, the defendant, the sum of Three thousand two hundred ten ($3210.00) Dollars damages and Twenty-five [*sic.*] ($15.00) Dollars costs and disbursements amounting to $3225.00 and that he have execution thereof.

Edwin B. Kengott
Deputy Clerk of Erie County "

Section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], cl. [2]) provides that " A discharge in bankruptcy

shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as  \*  \*  \* (2) are liabilities for obtaining money or property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another  \*  \*  \* ."

It has long been established as the law of this State that a person who has a cause of action for conversion may waive the tort and maintain an action for implied contract. (*Terry* v. *Munger*, 121 N. Y. 161; *Kittredge* v. *Grannis*, 215 App. Div. 491.) In this action the plaintiff might have recovered a judgment for money had and received. (*Prout* v. *Chisolm*, 89 Hun 108.) It would seem, therefore, that the plaintiff in this action by accepting the stipulation of the defendant, must be deemed to have consented to the entry of a simple judgment on an implied contract and has waived his rights, if he had such rights, to the enforcement of the judgment as a judgment in conversion. A judgment entered on a stipulation is conclusive upon the parties. (*Crouse* v. *McVickar*, 207 N. Y. 213; *Ross* v. *Preston*, 292 N. Y. 433; *Canfield* v. *Harris & Co.*, 252 N. Y. 502, 505.)

In *People* v. *Wood* (121 N. Y. 522, 529) the court said: " Even if, upon the facts alleged, a cause of action in tort might be spelled out from the language of the complaint, it is established by ample authority that it is still optional with the injured party to waive the tort and rely upon assumpsit, if he chooses to do so where the facts authorize such an action. \*  \*  \* The right of the plaintiffs to waive their cause of action in tort and found their right to recover upon contract, whether express or implied, is unquestionable, and there is no power either with the defendant or in the court to compel them to proceed upon the tort.

" Conceding, however, that the complaint is doubtful and uncertain and states a cause of action maintainable on either theory, the only consequence of this would be to authorize the court to require plaintiffs to elect between such theories, and to declare that upon which they choose to rely. That course the plaintiffs have already adopted, without waiting for an order. *The motion to refer constitutes, we think, such an election and precludes the People from afterwards proceeding as in an action for tort.*" (Italics supplied.)

Sections 485 and 486 of the Civil Practice Act apply to the entry of judgments on " express or implied contract to pay money received or disbursed ". These sections were expressly referred to in the stipulation upon which the judgment herein was entered. The conduct of the parties and the circumstances

surrounding the entry of the judgment clearly establish the fact that it was the intention of both parties to treat the judgment as based upon breach of an implied contract. The judgment was discharged in the bankruptcy proceedings.

The motion of the judgment debtor Millington is granted and an order may be entered herein directing the cancellation of record of the judgment recovered against him by the respondent Harold R. Gregory.