[Civ. No. 33024.   Second Dist., Div. Five.   Sept. 17, 1969.]

HEROLD W. LARSEN, Plaintiff and Respondent, v. CARL H. BEEKMANN, Defendant and Appellant.

Ellis D. Reiter, Stanley L. Avery and Ellis D. Reiter, Jr., for Defendant and Appellant.

Joseph S. Potts for Plaintiff and Respondent.

AISO, J.—Defendant appeals from a superior court order denying his motion to recall and quash a writ of execution which plaintiff, the unpaid judgment-creditor of a judgment entered upon a stipulation for judgment, had caused to be levied. The question presented is whether the judgment was one dischargeable in bankruptcy, or more particularly whether the stipulation upon which the judgment rests is a compromise settlement and a waiver of plaintiff's right to assert thereafter that the genesis of his claim for accounting is a tort not dischargeable under section 17 of the Bankruptcy Act (11 U.S.C.A. § 35).

## I.

Plaintiff filed an action averring in substance that he and defendant were partners in an employment agency known as the "Nosker Agency," that defendant had wrongfully converted partnership assets to his own use, and praying for a judicial declaration of dissolution of partnership, an accounting, and recovery of such sums as the accounting should determine to be due to plaintiff.

The allegations of the complaint pertinent to the bankruptcy question raised read: "That since the commencement of said partnership, the defendant . . . in violation of the partnership agreement, wrongfully and without the knowledge or consent of plaintiff, misappropriated and converted substantial sums of money, receipts and profits of the [partnership business] said NOSKER AGENCY to his own use and

benefit; that said defendant wrongfully cashed checks made payable to the NOSKER AGENCY and failed to account to the company for said funds. . . . That . . . defendant has wrongfully misappropriated, converted, and received sums in excess of $11,000.00 over and above his just and fair proportion of co-partnership profits. . . ."

Defendant's answer to the complaint appropriately denied these allegations. The pretrial order lists "Whether . . . defendant misappropriated or diverted partnership funds in the approximate amount of $11,000.00 or any other amount" as an issue to be tried; it also enumerates among plaintiff's contentions the one that defendant did commit the alleged misappropriations and conversions, which he denied.

On March 21, 1966, a document entitled "STIPULATION FOR JUDGMENT AND JUDGMENT" was signed and filed by the trial court and entered in the judgment book on March 22, 1966. It states in part: "The parties to the above entitled litigation, by and through their respective attorneys, entered into a Stipulation for Judgment and pursuant to that judgment, the court enters its judgment and order" of the following tenor:

"Defendant CARL H. BEEKMANN is ordered to pay to plaintiff HEROLD W. LARSEN the sum of $6,000.00, to be paid as follows: (a) $2,500.00 in cash, to be paid within 30 days from the date of judgment; (b) The balance of $3,500.00, which shall bear interest at the rate of 6% per annum, commencing from the date of this judgment, shall be paid in monthly installments of $50.00 per month on the 1st day of each month commencing on the 1st day of May, 1966, and continuing until the balance of principal and interest is paid in full. If any of the installments is not paid when due, the plaintiff shall have the right to notify either the defendant or his attorney by regular mail of the fact that he declares a default, whereupon, the defendant will be given a five day grace period within which to make the payment then in default. If said payment is not paid within five days of said notice, then the full unpaid balance of the principal and interest due under this judgment shall automatically become due and payable."

The balance of the stipulation and judgment: declared the existence of a partnership business between plaintiff and defendant which had terminated on October 9, 1964, after which date plaintiff had the right of sole ownership of the business and exclusive use of the name, "Nosker Agency";

enjoined defendant from using the name of "Nosker" for any purpose; ordered plaintiff to assume all obligations of the business and to hold defendant harmless from same; ordered plaintiff to prepare federal and state partnership tax returns for 1964 and each party to assume his proportion of any tax found to be due; and ordered that each party bear his own respective costs of suit.

Defendant failed to make the payments required by the judgment. On May 6, 1966, he was adjudicated a bankrupt in bankruptcy proceedings No. 210279 IH in the United States District Court, Southern District of California, Central Division, and his discharge was subsequently entered.

On February 9, 1967, defendant's mother, Ida Wolff Beekmann, died testate providing by her will that defendant share equally in her estate along with four other children.

Plaintiff caused a writ of execution for $6,000, plus $420 interest, to be levied on the executrix of Ida Wolff Beekmann's estate on June 9, 1967.

On October 4, 1967, defendant filed his notice of motion to recall and quash the writ of execution, based on the theory that the stipulated judgment had been discharged in bankruptcy. His declaration in support of his motion stated in part: "The settlement of this case was predicated upon negotiations between our attorneys, and the settlement finally determined was the result of a compromise of the above lawsuit, and for that reason the settlement was less than the demand. The settlement embraced more than the agreement to pay $6,000.00 at stipulated intervals, as is reflected by the stipulation for such judgment." Plaintiff's declarations filed in opposition to the motion did not deny this averment of a compromise settlement, but set forth statements of defendant's misfeasance, fortified by exhibits, from which a trier of fact could have found the alleged conversions to be within the category of "willful and malicious injuries to property of another" within the meaning of the bankruptcy act.

On November 17, 1967, the trial court by minute order denied defendant's motion, and he appeals from that order.

## II.

Except to assert the nondischargeability of the judgment, plaintiff has not otherwise attacked the validity of defendant's discharge in bankruptcy. It is true that plaintiff's

counsel[1] argues in his briefs that "the facts of this case strongly suggest that when [defendant] stipulated to the Judgment, he intended to file bankruptcy and attempt to thereby avoid his obligation." However, the record does not disclose any attempt by plaintiff to set aside the stipulation for judgment or the judgment upon this ground.

■ A liability for "willful and malicious injuries to . . . the property of another" is not dischargeable in bankruptcy. (Bankruptcy Act, § 17 [11 U.S.C.A. § 35].) However, a conversion is not *per se* always a willful and malicious injury to the property of another. (*Davis* v. *Aetna Accept. Co.* (1934) 293 U.S. 328, 331-332 [79 L.Ed. 393, 396-397, 55 S.Ct. 151, 152-153]; *Morris* v. *Drubin* (1958) 165 Cal.App.2d 467, 469 [332 P.2d 371]; *Royal Indemnity Co.* v. *Sherman* (1954) 124 Cal.App.2d 512, 517 [269 P.2d 123, 42 A.L.R.2d 890].) "There must also be a showing of the tort with aggravating features, which will warrant a deduction that the conversion in question transcends ordinary wrongdoing into a situation evincing a reckless disregard of the . . . property rights of others, and a willingness by the tort-feasor to inflict the injury complained of in the specific case." (*Rees* v. *Jensen* (9th Cir. 1948) 170 F.2d 348, 350-351.)

Plaintiff cites *Fooshe* v. *Sunshine* (1950) 96 Cal.App.2d 336, 340-343 [215 P.2d 66, 16 A.L.R.2d 1143] and *Marlenee* v. *Warkentin* (1945) 71 Cal.App.2d 177, 180-181 [162 P.2d 321], as controlling authorities which dispose of the issue here presented. We do not so read them. They hold in effect that under the circumstances of those respective cases, the conversion by a partner of partnership assets to his own use constituted a willful and malicious injury to another's property, excluded from bankruptcy discharge, and that if the findings and the judgment recite that the defendant's misdealing with partnership property was willful, malicious, and fraudulent the query whether the judgment is dischargeable in bankruptcy is foreclosed.

■ The distinctive feature of the cause before us is that the judgment in question rests upon a stipulation for judgment which does not recite the specific basis of liability for paying plaintiff the $6,000 in the manner provided. The judgment is also silent in that respect; it could be supported upon

---

[1] The counsel representing plaintiff on the post-judgment and post-bankruptcy motion and on appeal here is a different counsel from the one who represented plaintiff at the time of the stipulated judgment.

a pure accounting theory. Postulating the California view that in this situation the court will go behind the judgment and examine the entire record (e.g., *Fitzgerald* v. *Herzer* (1947) 78 Cal.App.2d 127, 130-131 [177 P.2d 364]; *Robinson* v. *Early* (1967) 248 Cal.App.2d 19, 23 [56 Cal.Rptr. 183]) and that it may even resort to extrinsic evidence (*United States Credit Bureau* v. *Manning* (1957) 147 Cal.App.2d 558 [305 P.2d 970]) to determine the essential character of the obligation sought to be discharged, nevertheless the first step in the examination of the record is the determination of the legal character of the stipulation for judgment. Whether the court can go behind that stipulation depends upon whether the legal effect thereof was to "make an otherwise nondischargeable debt dischargeable." (See Cowans, Bankruptcy Law and Practice (1963) § 430, pp. 217-219.)

Defendant claims in his declaration supporting his motion that the stipulation for judgment was a negotiated compromise settlement of the dispute between the parties. Plaintiff acknowledged in his opposing declaration of October 13, 1967, "[t]hat at the request and suggestion of Beekmann and his attorney, and with the concurrence of [plaintiff's] former attorney, a Stipulated Judgment was entered herein for an amount less than the amount prayed for in the Complaint." If the stipulation had read and if the judgment had recited that it was for a judgment "in accordance with the allegations of the complaint," then under *Wilson* v. *Walters* (1941) 19 Cal.2d 111, 122 [119 P.2d 340], the judgment would not have been dischargeable. Where the complaint set forth allegations averring liability in tort as well as on a common count, a stipulation that judgment be entered under statutory provisions relating only to "express or implied contract to pay money received or disbursed" has been held to render the judgment predicated thereon dischargeable in bankruptcy. (*Application of Millington* (N.Y.Sup.Ct. 1947) 188 Misc. 469 [67 N.Y.S.2d 472, 477].) The stipulation in the cause before us does not go as far as either *Wilson* or *Millington*. It is completely silent as to any alleged misappropriation, misapplication of funds, or fraud. It is not uncommon, however, that judgments are entered "by consent of the parties for the purpose of executing a compromise and settlement of an action." (30A Am.Jur., Judgments, § 144, p. 253.) And the legal mutability of changing a nondischargeable obligation into one which is dischargeable has been recognized. (See Cowans, *op.cit., supra.*)

While we have found no case dealing with a stipulation for a judgment to effect a compromise and settlement as having the legal effect of extinguishing the original tort obligation, cases have held that "if it is shown that [a] note, by express agreement is given and received, as a discharge of the original obligation or tort action, then the execution of the note extinguishes the tort action and it would be error for the court to look behind the note." (*In re Kelley* (N.D.Cal. 1965) 259 F.Supp. 297, 299, affirmed by a 2-1 memo. decision 372 F.2d 94; accord: *Maryland Casualty Co.* v. *Cushing* (7th Cir. 1949) 171 F.2d 257, 258-259; and see Nadler, The Law of Bankruptcy (2d ed. 1968) § 787, pp. 658-659.) *United States Credit Bureau* v. *Manning* (1957) *supra,* 147 Cal.App.2d 558, 565, does not hold to the contrary.

▇ Generally speaking (i.e., outside of bankruptcy law) a judgment based on a stipulation of the parties "is binding only as to the matter consented to by the stipulation" (*Laguna Drainage Dist.* v. *Charles Martin Co.* (1907) 5 Cal.App. 166, 171 [89 P. 993]), is confined only to issues within the stipulation (*Emerson* v. *Yosemite Gold Min. etc. Co.* (1906) 149 Cal. 50, 56, 58 [85 P. 122], affirmed 208 U.S. 25 [52 L.Ed. 374, 28 S.Ct. 196]), and does not cover matters not in the stipulation (*Palace Hotel Co.* v. *Crist* (1935) 6 Cal.App.2d 690, 694 [45 P.2d 415]). ▇ A consent judgment between parties is regarded as a contract and must be construed like any other contract. (*In re Ferrigno* (1937) 22 Cal.App.2d 472, 474 [71 P.2d 329].) ▇ Under the rule enunciated in *Pacific Gas & Elec. Co.* v. *G. W. Thomas Drayage etc. Co.* (1968) 69 Cal.2d 33 [69 Cal.Rptr. 561, 442 P.2d 641] and *Delta Dynamics, Inc.* v. *Arioto* (1968) 69 Cal.2d 525 [72 Cal. Rptr. 785, 446 P.2d 785], the stipulation here in question presents sufficient potentialities of a latent ambiguity as to require the trial court, after taking more extensive evidence of the circumstances surrounding the stipulation, to make a definite finding whether the stipulation constitutes a compromise settlement in release and discharge of the tort claim. If the stipulation was fairly and freely negotiated with a view of releasing and discharging the conversion, particularly any claimed "willful and malicious" nature thereof within the meaning of the bankruptcy act, then the trial court should be foreclosed from going behind it. On the other hand, if the parties did not so negotiate and the plaintiff did not waive his right to later raise the "willful and malicious" basis of his claim to an accounting, then in equity and good conscience,

the defendant should not be permitted to escape the consequences of a tort which Congress and the courts have declared not dischargeable via the bankruptcy route. In this case, defendant apparently made no attempts to make even a partial payment on the judgment.

█ The judgment, however, in context of whether it is dischargeable in bankruptcy, should be viewed in the light most favorable to the bankrupt. (*Robinson* v. *Early* (1967) *supra,* 248 Cal.App.2d 19, 25), since the burden is upon the party asserting its nondischargeable character to prove it. (*Morris* v. *Drubin* (1958) *supra,* 165 Cal.App.2d 467, 469-470; *United States Credit Bureau* v. *Digoras* (1959) 169 Cal.App. 2d 673, 680 [337 P.2d 886]; *Robinson* v. *Early, supra,* at p. 24.) On the record before us, plaintiff has not sustained his burden in this respect with reference to the stipulation for judgment. But the tenor of the briefs filed by counsel indicates that this specific facet of the dischargeability issue was not fully considered either by counsel or the trial court. Under these circumstances, a remand to the trial court for further proceedings not inconsistent with the views herein set forth would appear to be the appropriate disposition. (*Boyle* v. *Hawkins* (1969) 71 Cal.2d 229, 232-233, fn. 3 [78 Cal.Rptr. 161, 455 P.2d 97].)

### III.

Order reversed and cause remanded for further proceedings consistent with the views set forth in the foregoing opinion.

Stephens, Acting P. J., and Reppy, J., concurred.

A petition for a rehearing was denied October 8, 1969, and respondent's petition for a hearing by the Supreme Court was denied November 12, 1969.