### ELLIOTT *v.* RAILROAD COMPANY.

1. The court reaffirms its ruling in *Erskine* v. *Milwaukee & St. Paul Railroad Co.* (94 U. S. 619), that the forfeiture of $1,000 is the only penalty to which a corporation is liable for default, under sect. 122 of the internal-revenue act of June 30, 1864 (13 Stat. 284), as amended by the act of July 13, 1866 (14 id. 138).
2. No intention to add to the penalty for that default, while the section remained in force, is manifested by the act of July 14, 1870 (16 Stat. 260).
3. Penalties are never extended by implication. Unless expressly imposed, they cannot be enforced.

ERROR to the Circuit Court of the United States for the Eastern District of Pennsylvania.

This is an action of trespass on the case by the East Pennsylvania Railroad Company against William B. Elliott, collector of internal revenue for the first district of Pennsylvania. The jury returned a special verdict as follows : —

1. That the plaintiff is a railroad company, incorporated under the laws of the State of Pennsylvania, and having its principal office in the first United States internal-revenue collection district of said State at the date of the returns and payments hereinafter mentioned.

2. That the defendant was, at the date of the said payments, collector of internal revenue of the United States for the said district.

3. That on the eighteenth day of January, 1870, a dividend of $39,276, being three per cent on the capital stock of the said company, became due and payable, and was paid to the stockholders of the said company by the Philadelphia and Reading Railroad Company as rent for the railroad of the said plaintiff, payable for the preceding six months, under the provisions of a lease and contract dated May 19, 1869, whereby the railroad of the said plaintiff was leased to the Philadelphia

and Reading Railroad Company, and the said rent was received and made payable directly by the latter company to the stockholders of the said company plaintiff, without the declaration of any dividend by the directors of the said company plaintiff.

4. That on the fifteenth day of December, 1871, the said company, in accordance with the requirement of the assessor for the said district, made a return (accompanied by a written protest), whereby it appeared that a tax of five per cent upon the said dividend ($39,276), with the sum of $2,067.16 (five per cent of a sum of which the said dividend is ninety-five per cent) added thereto, would amount to $2,067.16.

5. That a list containing said return was duly forwarded by the said assessor to the collector of internal revenue for the said district.

6. That on the twenty-ninth day of July, 1873, the said company paid the said sum of $2,067.16 to the said defendant, then collector as aforesaid, together with alleged penalties, amounting to $475.45 (viz. $103.36, five per cent on said tax, and $372.01, interest at the rate of one per cent per month from Jan. 1, 1872, to July 1, 1873), making in all the sum of $2,542.61; that said payment was made under compulsion, and was accompanied by a written protest of the company against its liability therefor.

7. That on the sixteenth day of January, 1872, a dividend of $39,276, being three per cent on the capital stock of the plaintiff, was paid to the holders of the shares of the said capital stock by the Philadelphia and Reading Railroad Company as rent for the preceding six months, under the provisions of the lease above mentioned.

8. That on the tenth day of January, 1872, the said company, in accordance with the requirement of the assessor for the said district, made a return (accompanied by a written protest), whereby it appeared that a tax of two and one-half per cent upon the said dividend ($39,276), with the sum of $1,007.08 (two and one-half per cent of a sum of which the said dividend is ninety-seven and one-half per cent) added thereto, would amount to $1,007.08.

9. That a list containing said return was duly forwarded by

the said assessor to the collector of internal revenue for the said district.

10. That on the twenty-ninth day of July, 1873, the said company paid the said sum of $1,007.08 to the said defendant, then collector as aforesaid, together with the alleged penalties, amounting to $211.48 (viz. $50.35, five per cent on said tax, and $161.13, interest at the rate of one per cent per month from March 1, 1872, to July 1, 1873), making in all the sum of $1,218.56; that said payment was made under compulsion, and was accompanied by a written protest of the company against its liability therefor.

11. That on the twenty-fifth day of September, 1873, the said company duly presented claims to the Commissioner of Internal Revenue of the United States for refunding the said sums of $2,542.61 and $1,218.56.

12. That on the sixth day of February, 1874, the said claims were rejected by the said Commissioner of Internal Revenue of the United States.

Judgment having been entered in favor of the company for "$686.93 (being the penalty of five per cent, and interest thereon at the rate of one per cent per month, as mentioned in said verdict), together with interest thereon from July 29, 1873, $183.64, in all, the sum of $870.57," the collector brought the case here.

*Mr. Attorney-General Devens* and *Mr. Assistant Attorney-General Smith* for the plaintiff in error.

*Mr. James E. Gowen*, contra.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

In *Erskine* v. *Milwaukee & St. Paul Railroad Co.* (94 U. S. 619), we decided that the only penalty to which a corporation was liable for default under sect. 122 of the internal-revenue act of June 30, 1864 (13 Stat. 284), as amended July 13, 1866 (14 id. 138), was that of $1,000, specially provided for in that section. We are now asked to review that ruling; but after a careful consideration of the elaborate arguments which have been submitted, we are satisfied that it was right. The language of the section to be construed is as follows: "And for any default in making or rendering such

list or return, with the declaration annexed, or of the payment
of the tax as aforesaid, the company making such default shall
forfeit as a penalty the sum of $1,000; and in case of any
default in making or rendering said list or return, or of the
payment of the tax or any part thereof as aforesaid, the assess-
ment and collection of the tax. and penalty shall be made ac-
cording to the provisions of law in other cases of neglect and
refusal." In that case we were asked to hold that the company,
in case of default, was liable for the penalty of five per cent
and interest at the rate of one per cent a month, provided for
in sect. 119, as amended (13 id. 283; 14 id. 480); but we de-
cided that this provision applied only to cases of default in
payment of the duties imposed by that section. The correct-
ness of that ruling is now conceded; but it is claimed that the
company is liable for a penalty of five per cent and interest at
the rate of one per cent a month, under sect. 28 of the act of
June 30, 1864, as amended July 13, 1866 (14 Stat. 106), sect.
11 of the act of July 13, 1866 (id. 150), and sect. 8 of the act
of March 2, 1867 (id. 473). The last-named act simply provides
that when for a failure to pay a tax at the time and in the
manner provided by law a penalty of ten per cent additional
upon the amount of the tax so due and unpaid had been
exacted, the person or persons so failing or neglecting to pay
the tax, instead of paying ten per cent, should pay five per cent
and interest at the rate of one per cent a month. The sections
of the other acts referred to were evidently intended to apply
to taxes and duties included in the regular annual and monthly
lists required by law to be made out and placed in the hands
of collectors, and not to the taxes on interest and dividends col-
lected through or from the corporations, under the provisions of
sect. 122. Penalties are never extended by implication. They
must be expressly imposed or they cannot be enforced. Full
power is given in sect. 122, by reference to the other provi-
sions of the internal-revenue law, for the collection of the tax
and penalty there provided for; but it nowhere appears, by
reference or otherwise, that it was the intention of Congress to
add to the one penalty which is expressly given for the failure
to do what that section requires. As has been said, it is con-
ceded that the addition of five per cent and interest provided

for in sect. 119 applies only to individual incomes. In this connection it is a noticeable fact that although by sect. 8 of the act of March 2, 1867 (14 Stat. 473), a reduction was made from ten per cent to five per cent and interest at the rate of one per cent a month in all cases where a penalty of ten per cent had been imposed for any failure to pay any internal-revenue tax, it was deemed necessary in sect. 13 of the same act (id. 480) to amend sect. 119 specially, so as to reduce in the same way the additional percentage of ten per cent imposed by that section. If it had been supposed that the penalties prescribed in the other parts of the act for failure to pay taxes applied to taxes upon incomes, this special amendment would not have been necessary. But if they did not apply to sect. 119, it is difficult to see how they can to sect. 122. As it was supposed to be necessary to make express provision in sect. 119 for the payment of this additional percentage in order to charge the tax-payer, and it was omitted in sect. 122, the conclusion is irresistible, that it was the intention of Congress to impose no other penalty for a failure to comply with the requirements of this section than the one which is specifically given.

We see nothing in the act of July 14, 1870 (16 Stat. 260), under which a portion of thě taxes paid by the defendant in error was assessed, to manifest any intention on the part of Congress to add to the penalties imposed by sect. 122 while that section was in force. The penalty of $1,000 is confined to a default in making the required return, instead of default in making the return or in making the payment, as it was in sect. 122. In other respects the provisions as to penalties in the two acts are substantially the same.

*Judgment affirmed.*