ZERRES et al. v. VANINA.

(Circuit Court of Appeals, Ninth Circuit. January 7, 1907.)

No. 1,283.

MINES AND MINERALS—RELOCATION OF MINING CLAIM—NECESSITY OF PRIOR VALID LOCATION.

A relocation of a mining claim can only be made where there has been a prior valid location, and the rights of the original locator have terminated. Hence a relocation admits the validity of the original location, and the relocator cannot maintain ejectment against the original locator or his grantees on the ground that the first location was void for failure to comply with the law as to the location notice or recording the same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mines and Minerals, § 63.]

In Error to the Circuit Court of the United States for the District of Nevada.

For opinion below, see 134 Fed. 610.

Mack & Farrington, Geo. D. Pine, and E. J. L. Faber, for plaintiffs in error.

Sidney J. Parsons, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error brought ejectment to recover the possession of a certain mining claim. The claim

had been located as the "Eddy Claim" on February 9, 1902, by the grantors of the defendant in error. On that date notice of the location of the claim was posted on the claim by the locator, and on March 20, 1902, it was recorded in the office of the district recorder of Searchlight mining district, Nev., in which district the claim is situate. The ground was marked with monuments and staked. Soon after the location was made a shaft was sunk on the ground, disclosing mineral at a depth of about 14 feet. In compliance with the laws of the state of Nevada (Cutt. Comp. Laws, § 209), during the year 1903 labor was expended upon the claim to the extent of over $100. The plaintiffs in error claimed title under a relocation made on January 1, 1904. It was the contention of the plaintiffs in error that the prior location was void by reason of defects in the notice and a failure to record the certificate of location within 90 days after posting the notice of location. A jury trial was waived, and the case was tried before the court. Thereupon a general finding was made for the defendant in error, and judgment was rendered in his favor. The plaintiffs in error have assigned as error that the court admitted in evidence the notice of location of the Eddy claim, an amended certificate of location thereof, and an amended additional certificate; also that the court erred in finding the issues in favor of the defendant in error and against the plaintiffs in error.

One may make an original location of a mining claim upon land marked and occupied under an attempted prior location if such prior location is void by reason of failure to comply with the law as to location notice or recording the same, but he cannot make a relocation of such a claim. Such land, if mineral, is, notwithstanding the prior proceedings, unappropriated public land subject to location. Relocation is authorized only for forfeiture or abandonment of a prior location. By making a relocation the locator makes admission of the validity of the prior location and precludes himself from contesting it. Belk v. Meagher, 104 U. S. 284, 26 L. Ed. 735; Wills v. Blain, 4 N. M. 378, 20 Pac. 798; Providence Gold Min. Co. v. Burke (Ariz.) 57 Pac. 641; Lindley on Mines, vol 1 (2d Ed.) § 404; Quigley v. Gillett, 101 Cal. 462, 35 Pac. 1040. In the leading case of Belk v. Meagher, Humphries and Allison were the original locators of a mining claim. Thereafter Belk made a location on the same ground for failure of the original locators to perform the requisite annual labor. He described his claim as a relocation of the original Humphries and Allison lode. More than a year thereafter Meagher attempted to locate the same mining claim, posted his notice, and performed the acts required by law. Belk brought ejectment against Meagher to recover possession. Meagher defended on the ground that Belk had been premature in making his location, in that the time of the original locators to perform their annual labor had not then expired. Upon these issues it became important to determine the validity of the original location and the right of Belk, who had declared himself to be a relocator. The court said:

"Mining claims are not open to relocation until the rights of a former locator have come to an end. A relocator seeks to avail himself of mineral in the

public lands which another has discovered. This he cannot do until the discoverer has in law abandoned his claim and left the property open for another to take it up."

In Wills v. Blain, 4 N. M. 378, 20 Pac. 798, the court said:

"The relocator, when he so describes himself in the notice, solemnly admits in an instrument which is made a matter of record that he is not a discoverer of mineral, but an appropriator thereof on the ground that the original discoverer had perfected his right. The notice becomes in some sense an instrument of title—a record. It is the equivalent of an admission of record to the original locator that the relocator claims a forfeiture by reason of a failure on the part of the first locator to make his annual expenditure. This we believe to be the doctrine of Belk v. Meagher."

In the present case the notice posted on the ground by the plaintiffs in error is headed, "Notice of relocation Eddy Quartz Claim," and at the end of the notice it is recited, "This claim was previously known as the Eddy." These recitals under the doctrine of the authorities above cited are an admission of record of the validity of the proceedings and steps taken to locate the Eddy claim. Their force as an admission of record is not impaired by the fact that the defendant in error on the trial introduced in evidence the documentary proofs of the Eddy location. Such proofs were unnecessary, and are to be disregarded. The plaintiffs in error could only recover, if at all, on the strength of their own title. They had elected to acquire title by relocating the claim, and they were obliged to abide by the record which they had made. This also is the doctrine of the decision in Belk v. Meagher. In that case, in considering the effect of the recitals in Belk's relocation notice, the court said, concerning the admission of the books from the office of the recorder of Deer Lodge county to prove the record of the location of the original lode claim by Humphries and Allison:

"As Belk sets up title only as a relocator of part of the original lode claim, he impliedly admits the validity of the prior location. There can be no relocation unless there has been a prior valid location, or something equivalent, of the same property. It is nowhere disputed that Humphries and Allison were the locators and owners of the claim originally. The proof by the record was therefore probably unnecessary."

The foregoing considerations dispose of all the questions presented on the writ of error, and necessarily result in an affirmance of the judgment of the court below.