UNITED STATES of America, Plaintiff,

v.

John Martin MOCK, Defendant.

Cr. No. 11640.

United States District Court
N. D. California, N. D.

July 20, 1956.

Robert E. Woodward and James S. Eddy, Asst. U. S. Attys. Gen., for plaintiff.

A. M. Mull, Jr., and William H. Lally, Sacramento, Cal., for defendant.

HALBERT, District Judge.

Defendant is charged in a two count indictment with violations of Title 18 United States Code, § 485. In the first count it is alleged that defendant did "falsely make, forge and counterfeit, two certain false, forged and counterfeited coins, which said false, forged and counterfeited coins were then and there in the resemblance and similitude of the genuine gold coins of the United States which had been theretofore coined at the mints of the United States and known as and called twenty dollar gold coins." The second count of the indictment charges the defendant with possession of certain false, forged and counterfeited gold coins with intent to defraud persons unknown.

Defendant has made a motion to dismiss the indictment on the ground that the indictment fails to state facts sufficient to constitute an offense against the United States. Defendant urges only that there can now be no violation of the portion of § 485, of Title 18 United States Code, which deals with gold coins, since gold coins are no longer minted by the United States; gold coins have been withdrawn from circulation; and gold coins are no longer legal tender, or in use in the United States as money.

Preliminarily, it should be noted that the two counts of the indictment are based upon two alleged violations of the same statute, and the counts of the indictment simply charge that different facets of the same set of facts are these violations. It, therefore, follows that if one count charges an offense, so does the other. For that reason, no distinction will be made between the two counts of the indictment in considering defendant's motion. Actually, the sole question to be determined in connection with defendant's motion is whether the making, forging or counterfeiting of a gold coin in resemblance or similitude of a twenty dollar gold coin formerly minted by the United States is now in fact a criminal offense within the meaning of § 485 of Title 18, United States Code.

No case authority dealing with the precise question involved in this case has been cited, and none has been found. It would, therefore, appear that this is a case of first recorded impression. A study of the defendant's motion and such law as is available leads to the conclusion that there are two complete answers to the argument advanced by the defendant in support of his motion. The first answer is the fact that the defendant has based his argument on a false premise, and the second answer is found in the language of the statute itself.

The first paragraph of § 485, of Title 18, the paragraph with which we are here concerned, reads as follows:

"Whoever falsely makes, forges, or counterfeits any coin or bars in resemblance or similitude of the gold or silver coins or bars coined or stamped at the mints and assay offices of the United States, or in resemblance or similitude of any foreign gold or silver coin current in the United States, or are in actual use and circulation as money within the United States; * * *."

A series of acts which are condemned by the statute have been set forth in clear and concise language, and Congress has decreed that the doing of any of

these forbidden acts constitutes a criminal offense under the statute. Congress had a right to enact this statute in this form and the series of acts enumerated become several violations of the law.

█ The indictment in this case clearly charges a violation of the first alternative set forth in the first paragraph of the statute. This alternative provides that anyone is guilty of a public offense if he *"falsely makes, forges, or counterfeits any coin* or bars *in resemblance or similitude of the gold* or silver *coins* or bars *coined or stamped at the mints and assay offices of the United States."* (Emphasis inserted by the Court.) It is not apparent how language could be any more clear, concise and definite than this language is.

█ It is true, as defendant argues, that Congress did, by the Gold Reserve Act of 1934, provide that no gold coin of the United States should be coined after January 30, 1934, and that gold coin was thereby withdrawn from circulation, Title 31 United States Code §§ 315b, 31 U.S.C.A. § 315b, but this Act did not by legislative fiat obliterate all of the gold coins of the United States. The fact is that the right to own, possess and trade in gold coins under certain limited conditions has been carefully preserved and recognized at all times. This then shows the false premise on which the defendant seeks to base his argument in support of his motion. Even though gold coins are no longer minted, and have been withdrawn from circulation, there is, in the opinion of the Court, a very real doubt that they are no longer legal tender.[1] Certainly gold coins of the United States can, under proper conditions, be owned and used in the United States,[2] and further, § 485, of Title 18 United States Code, does not, as the defendant suggests, require that the coins in question shall be used as money. It is admittedly an anomalous situation, but it would appear to this Court that in the final analysis, gold coin of the United States is still in fact legal tender, but its use as such is presently prohibited. It is a fact, however, that the possession and use of gold coin in the manner now authorized by law is not in any sense of the word prohibited by statute, or otherwise. Under these conditions, defendant's argument, so far as it is based on the false premise that gold coin is no longer in use in the United States, is without merit.

█ Finally, we come to the plain language of § 485, Title 18 United States Code, which clearly expresses the inten-

1. § 457 of Title 31 United States Code, 31 U.S.C.A. § 457, provides that gold coins of the United States shall be legal tender, and § 462 of this same title, provides in part that "All coins and currencies of the United States * * * *heretofore* or hereafter *coined or issued,* shall be legal tender * * *." (Emphasis added.) It might be argued that these two sections are repealed by § 446, Title 31 United States Code, 31 U.S.C.A. § 446, in that this latter section repeals all statutes inconsistent with the Gold Reserve Act of 1934, wherein is found § 315b, Title 31 United States Code, 31 U.S.C.A. § 315b, but from a review of all of the pertinent law, this does not seem to be likely. Furthermore, a determination of this particular point is not necessary to reach the conclusion which the Court has reached in this case.

2. Although Title 12, United States Code, § 95a, 12 U.S.C.A. § 95a, makes the possession, etc., of gold coins in violation of the provisions of that statute a criminal offense, no offense can come into existence until the President has acted pursuant to this statute. It is true that the President has acted pursuant to this statute, and he did issue Executive Order No. 6260, 12 U.S.C.A. § 95 note and certain amendments thereto pursuant to the statute. It must be noted, however, that neither Executive Order No. 6260, nor any of its amendments, wholly forbid the possession of legal gold coins of the United States. Certain definite exceptions under which United States gold coins can be legally possessed are set forth in § 3 of the Order, and in § 4 of the Order numerous conditions are set forth under which it is, or could be, possible to possess and transfer gold coins of the United States. In addition, it should be kept in mind that the President could, by another Executive Order, set aside Executive Order No. 6260, and by a stroke of his pen terminate the legal effect of this Order.

**664**

tion of Congress to prohibit the making, forging or counterfeiting of gold coins and make it a penal offense for anyone to so do. Congressional intent is to be sought and found primarily in the language of the statute under consideration, and when the language expresses an intention reasonably intelligible and plain, it must be accepted by the courts without modification by resort to construction or conjecture.

There is nothing in the portion of § 485, Title 18, upon which the indictment in this case is founded, which requires or even suggests that coins alleged to have been made, forged and counterfeited be "current in the United States," or that such coins be "in actual use and circulation as money within the United States." In view of the use of the words, "gold * * * coins" in the statute, no logical conclusion can be reached other than that the statute does in fact now make it an offense to make, forge or counterfeit gold coins of the United States. This is especially true in the light of the fact that § 485, of Title 18, was revised by Congress on June 25, 1948, and there was at that time no deletion of the words "gold * * * coins," or any restriction or limitation placed upon the general use of these words, as they are commonly understood. Defendant seeks to refute this point by urging that Congress was merely recodifying Title 18 in 1948; that as a result no individual treatment was given to this section, and the Court should, therefore, disregard the reference to gold coins as it is actually superfluous and now has

no practical meaning.[3] The record is, however, contrary to the position which the defendant seeks to take, for the Reviser's Note at the conclusion of § 485 indicates that some changes were actually made in this section, and it was not, as urged by the defendant, a routine and simple recodification of the section.

■ In its final analysis, what defendant is urging this Court to do is to judicially legislate by striking from the statute certain words now in the statute and having a plain and common meaning understood by all. This Court has recently had occasion to express its views rather fully on the subject of judicial legislation, see In re Shear, D.C., 139 F.Supp. 217, and it is not conceived that any useful purpose would be served to repeat those views here again in detail. Suffice it to now say that a court has no legal authority to amend or repeal all, or a part, of a statute under the guise of construction, and under no circumstances should a court ever add to, subtract from, repeal, or promulgate laws on its own initiative. To do so would, in the opinion of this Court, be an act in violation of the Constitution of the United States, the doing of which this Court will ever steadfastly seek to avoid.

A careful review of the applicable law convinces this Court that defendant's motion is without merit.

It is, therefore, ordered that defendant's motion to dismiss the indictment in this case be, and the same is, hereby denied.

3. Title 18 United States Code, was recodified by the 80th Congress. Defendant relies primarily on the fact that there is no mention of the point in question in the 80th Congress House Report of the Committee of the Judiciary, Report No. 304, and the Senate Report of the Committee on the Judiciary, Report No. 1620, and there was no debate on H.R. 3190, the bill in Congress by which Title 18 was recodified. To the Court, this silence on the subject only tends to confirm the fact that Congress approved the statute as it was modified for recodification, and did not intend to remove therefrom the plain words "gold * * * coins," or otherwise emasculate the statute.