Frank MacDONALD, as Executor of the
Estate of Mary McLeod Cameron,
deceased, Plaintiff,

v.

Raymond R. BEST, as State Supervisor,
Bureau of Land Management, and Wal-
ter E. Beck, as Manager, District Land
Office, Bureau of Land Management,
Department of the Interior, Defendants.

Civ. No. 7858.

United States District Court
N. D. California, N. D.

July 14, 1960.

Chas. L. Gilmore, Sacramento, Cal., for plaintiff.

Lynn J. Gillard, U. S. Atty., San Francisco, Cal., and Floyd R. Mitzner, Asst. U. S. Atty., Sacramento, Cal., for defendants.

HALBERT, District Judge.

This case is now before this Court on motions for summary judgment made by each of the parties (Federal Rules of Civil Procedure, Rule 56, 28 U.S.C.A.).

There is no dispute as to the facts of this case. These facts are as follows:

## I.

Plaintiff, Frank MacDonald, is the executor of the estate of Mary Cameron, deceased. This estate is the owner of five mining claims, which were located upon the public lands of the United States prior to an order of the Federal Power Commission in 1927, which withdrew the area in which they are located for power purposes (See: Title 16 U.S.C.A. § 791a et seq.). Each of these claims contains a valuable deposit of gold-bearing gravel. It has been estimated that there is from sixty to eighty million dollars worth of gold in the claims. Plaintiff has diligently worked the claims, and approximately $150,000 has been expended in prospecting and developing them by plaintiff's lessee since 1956.

This action has arisen because of the discord between the parties relative to the interpretation of the "Mining Claims Rights Restoration Act of 1955" (69 Stat. 681–683, now codified as Chapter 16, Title 30, U.S.C.A.). Hereafter in this memorandum this legislation will be referred to as the Act.[1]

No notice of location of plaintiff's claims was recorded within the one year term allowed by the Act. After this time had run, the Solicitor of the Department of the Interior, Mr. Elmer Bennett, in his opinion M–36429, dated October 30, 1957, declared:

"* * * it is necessary for the owner of a claim located prior to a withdrawal for power purposes to file a copy of his location notice * * * within one year after enactment * * *

"Failure to file as required results in a forfeiture of the claim."

Acting on the basis of this opinion, defendants (who are employees of the Bureau of Land Management) began to send notices to the owners of claims, who had not filed location notices, informing them that their claims were forfeited. No such notice was sent to plaintiff, and the sending of such notice, or commencement of a proceeding to abrogate plaintiff's existing rights, is not presently contemplated by defendants. Defendants, however, maintain the position that they may legally send such notice to plaintiff, if they see fit.

Plaintiff brought this suit to procure an injunction restraining defendants from issuing any notice declaring plaintiff's mining claims forfeited, or clouding their title. The Court granted a temporary restraining order, on posting of bond.

## II.

■ The threat of a forfeiture notice from defendants hangs over plaintiff's head like the sword of Damocles. Plaintiff cannot with assurance spend money on the improvement and development of these claims on the scale employed in the past. Furthermore, the marketability of the claims is substantially impaired. An actual case or controversy, cognizable in a court of equity, is therefore involved (Humble Oil & Refining Co. v. Sun Oil Co., 5 Cir., 191 F.2d 705; and See: Sharon v. Tucker, 144 U.S. 533, 12 S.Ct. 720, 36 L.Ed. 532; Payne v. Central Pac. Ry. Co., 255 U.S. 228, 41 S.Ct. 314, 65 L.Ed. 598; and Florida Lime & Avocado Growers, Inc. v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568).

■ Plaintiff has no way to precipitate official action to determine the validity of his claim. No officer of the Bureau

---

1. The parts of the Act which are pertinent to this action read as follows:

"The owner of any unpatented mining claim located on land * * * [withdrawn for power purposes] shall file for record in the United States district land office of the land district in which the claim is situated (1) within one year after August 11, 1955, as to any or all locations heretofore made, or within sixty days of location as to locations here-after made, a copy of the notice of location of the claim * * *." Title 30 U.S.C.A. § 623.

"Nothing in this chapter contained shall be construed to limit or restrict the rights of the owner or owners of any valid mining claim located prior to the date of withdrawal or reservation * *." Title 30, U.S.C.A. § 624.

No penalty is provided in the Act for failure to comply with § 623.

of Land Management has made a decision directly concerning plaintiff's property, so the provisions for appeal of such a decision provided for in 43 C.F.R. §§ 221.1 and 221.31, avail plaintiff nothing. To require plaintiff to await a forfeiture notice would, for all practical purposes, be to destroy his right, for money cannot be found to work these claims diligently when the entire investment is subject to forfeiture at any time. Congress has not provided that any agency shall make the initial or exclusive determination of facts and law in such cases as this. As a matter of fact, Congress has made no provision for the sending of forfeiture notices in this situation, or similar situations. Defendants claim the right to send such notices under the general authority of the Department of the Interior over the public lands (See: Cameron v. United States, 252 U.S. 450, 40 S.Ct. 410, 64 L.Ed. 659). It therefore follows that plaintiff's action may not be dismissed for a failure to exhaust his administrative remedies, as provided for by Congress, since there are no such remedies available to him. The cases[2] cited by defendants on this point are all distinguishable on this very ground.

Where there is an existing justiciable controversy, failure to utilize a remedy which would, by delay, destroy the right, does not constitute an impediment to the jurisdiction of the Federal District Courts (Florida Lime & Avocado Growers, Inc. v. Jacobsen, supra).

This case turns entirely on the construction of the Act. The action therefore arises under the laws of the United States (See: Rank v. Krug, D.C., 142 F.Supp. 1, at page 63). The record makes it abundantly clear that the value of plaintiff's claims exceeds by far the sum of $10,000.00, the amount necessary to bring the case within the jurisdiction of this Court. This cause is, therefore, properly before this Court (Title 28 U.S.C. § 1331).

### III.

Defendants contend that the Secretary of the Interior is an indispensable party to this action, citing Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411, and Warner Valley Stock Co. v. Smith, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621. These cases are not in point here. The plaintiffs in those cases sought mandatory injunctions to compel subordinate officials to perform acts which the subordinates were authorized to perform only upon the direction of their superior. In each of the cited cases, the subordinate had a mere ministerial function, and the responsibility lay with the superior. The superior was, therefore, an indispensable party. In the instant case, plaintiff does not seek the performance of an act, but rather to restrain the performance of an act, which plaintiff asserts is beyond the authority of the subordinate official. The decree sought will require the Secretary to do nothing, and will forbid him to do nothing. The Secretary is, therefore, not an indispensable party to this case (State of Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927; Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95).

### IV.

The remaining question to be resolved in this case is: Does the Act authorize the forfeiture of plaintiff's claims for failure to record notice of location on time?

The Act requires the filing of such notice within one year, but provides no penalty for failure so to file. By what authority, then, may defendants assess a penalty? Primarily, they rely on opinion M–36429 of the Solicitor, supra. In all frankness, the Court is not impressed by this opinion.

---

2. Myers v. Bethlehem Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Levers v. Anderson, 326 U.S. 219, 66 S. Ct. 72, 90 L.Ed. 26; Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796; and Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146.

■ Penal statutes are to be construed strictly. They are never extended by implication. Penalties must be expressly imposed or they cannot be exacted (Commissioner of Internal Revenue v. Acker, 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127; F. C. C. v. American Broadcasting Co., 347 U.S. 284, 74 S.Ct. 593, 98 L.Ed. 699; Elliot v. Railroad Co., 99 U.S. 573, 25 L.Ed. 292; Sturtevant v. Vogel, 9 Cir., 167 F. 448; Zerres v. Vanina, 9 Cir., 134 F. 610, affirmed 9 Cir., 150 F. 564; Last Chance Mining Co. v. Bunker Hill & S. Min. & Con. Co., 9 Cir., 131 F. 579).

■ The Solicitor has relied, in his opinion, on the legislative history of the Act. Far more convincing legislative history has been rejected as a vehicle for bringing into a statute a penalty which is not expressly set out in the language of the statute (See: Commissioner of Internal Revenue v. Acker, supra. Compare also the decision of the Court of Appeals for the Sixth Circuit in that case [258 F.2d 568], and the Ninth Circuit decision [superseded by Commissioner of Internal Revenue v. Acker, supra] of Hansen v. Commissioner, 9 Cir., 258 F.2d 585, reversed on other grounds, 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360). Moreover, the letter on which the Solicitor relies was submitted by the Interior Department (His own Department) to the Senate Committee which reported on the bill, and printed by the Committee in its report without apparent approval or in fact any comment. Under these circumstances, the letter falls far short of an official pronouncement of the Committee itself.

■ The general rule is that Congressional intent is to be sought and found primarily in the words of the statute. Legislative history is to be employed to resolve ambiguities, not to add new terms to the statute (United States v. Shreveport Grain & Elevator Co., 287 U.S. 77, 53 S.Ct. 42, 77 L.Ed. 175; United States v. Mock, D.C., 143 F.Supp. 661; and Commissioner of Internal Revenue v. Acker, supra).

The cases cited by the Solicitor in his opinion to support the imposition of a penalty of forfeiture are not persuasive, or in fact in point. In Texas & N. O. R. Co. v. Brotherhood of Railway Clerks, 281 U.S. 548, 50 S.Ct. 427, 433, 74 L.Ed. 1034, Congress had provided no penalty for failure to comply with the statute, and neither the agency, nor the Court, invented a penalty. Compliance was compelled by an injunction, with prospective application. In the instant case, defendants do not seek to compel compliance, but rather they claim the right to exact a penalty for noncompliance, after the time for strict compliance has gone by. In all probability, plaintiff could, in the instant case, be compelled to file notice of location by the issuance of a mandatory injunction on the authority of Texas & N. O. R. Co. v Brotherhood of Railway Clerks, supra. Such compliance would be tardy, but no more so in this case than it was in that case.

Virginian Ry. Co. v. System Federation, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789, is distinguishable from the instant case on the same ground.

In Cameron v. United States, supra, Congress had made certain steps by a claimant a condition to the validity of the claims. The Secretary derived the implied power to declare the claims forfeited from his general authority over the public lands, but the invalidity of the claim there was prescribed by Congress. Congress has passed no statute which by its terms makes plaintiff's claim invalid. Thus the instant case is wholly different from the Cameron case.

The defendants urge that the penalty of forfeiture is necessary to render the statute meaningful. But the Supreme Court of the United States has said, "The absence of penalty is not controlling. The creation of a legal right by language suitable to that end does not require for its effectiveness the imposition of statutory penalties" (Texas & N O. R. Co. v. Brotherhood of Railway Clerks, supra).

In support of the argument of necessity, the Solicitor lays stress on the fact that the statute is in the nature of a recording statute. There is no necessity of forfeiture of an unrecorded claim to effectuate the purposes of a recording statute. There would, of course, be an exception in the case of a person who has suffered detriment from his lack of knowledge of facts which were required to be recorded for his benefit, but no such situation exists here. Unless the recording statute expressly negatives such construction, actual notice (or constructive notice by possession) is an adequate substitute for recordation (Butte & Superior Copper Co. v. Clark-Montana Realty Co., 249 U.S. 12, 39 S.Ct. 231, 63 L.Ed. 447; Yosemite Gold Min. & Mill. Co. v. Emerson, 208 U.S. 25, 28 S. Ct. 196, 52 L.Ed. 374). In the instant case, defendants have, at all pertinent times, had actual notice of plaintiff's claims.

Defendants have cited no case in which forfeiture penalities have been read into a recordation statute by the Courts. The Solicitor did cite three cases to the contrary, but regarded them as superseded by Texas & N. O. R. Co. v. Brotherhood of Railway Clerks, supra.

In the 19th Century, Federal statutes provided that regulations made by states, territories, and the miners of mining districts, not in conflict with the laws of the United States, would have the force of law in regard to mining claims on the public lands. Congress is the supreme authority over the public lands (United States v. Board of Comm'rs of Fremont County, Wyo., 10 Cir., 145 F. 2d 329). These regulations, then, were under delegated Federal authority, and presented Federal questions of law when their construction was at issue (See: Butte & Superior Copper Co. v. Clark-Montana Realty Co., supra). It was against this background that the three cases, next to be discussed, were decided. The Solicitor has cited these cases, but has failed properly to distinguish them, or has treated them, incorrectly, as superseded.

In Last Chance Mining Co. v. Bunker Hill & S. Min. & Con. Co., supra, a statute required notices of location to be filed within 15 days of location. One claim was located, and the notice recorded more than 15 days later. Another claimant, having actual knowledge of the first claim, located a second claim and recorded it before the recordation of the first claim, but after the latter's location. It was held that the failure of the first locator to record within the time prescribed by statute did not work a forfeiture of the claim, there being no such penalty expressed in the terms of the statute.

In Zerres v. Vanina, 134 F. 616 supra, a statute provided, in part, that:

"Within ninety days of the date of posting the location notice upon the claim the locator shall record his claim * * * Any record of the location * * * which shall not contain all the requirements made in this section shall be void * * * recording shall be required in the office of the county recorder in all cases."

In that case, a certain claim was made, and the location notice posted upon the site of the claim. This first claim was not recorded until after a lapse of more than ninety days. More than ninety days after the posting of the first notice of location, a second claim, adverse to the first, was filed and properly recorded by a party, who had actual notice of the first claim. Only thereafter was the notice of location of the first claim recorded in the office of the county recorder. Notwithstanding the delay in recording the notice of location of the first claim, it was held that the first claim was not forfeited, but that it was in fact valid.

In Sturtevant v. Vogel, supra, a Federal statute provided that notices of location "shall be filed for record within ninety days from the date of the discovery * * *." No sufficient notice of the first claim in that case was recorded, and as to a subsequent locator, who had no knowledge of the first loca-

tion, it was held that "the case as it went to the jury stood precisely as * * * if no notice whatever of the location had been recorded." (See: 167 F. at page 453). As the statute did not, in explicit terms, provide for a forfeiture, the Court held that the first claim was not forfeited.

It follows from what has been said above that plaintiff's claims in the instant case may not be forfeited, although any recordation of notice under the Act must now of necessity be tardy.

It should also be noted that the Act contains the following language:

"Nothing in this chapter * * * shall be construed to limit or restrict the rights of the owner * * * of any valid mining claim located prior to * * * withdrawal" (Title 30 U.S.C.A. § 624).

The Solicitor takes the position that the Act would prevent the restriction or limitation of claims, such as plaintiff's, but would not preclude their complete destruction. It is completely unrealistic to assume that Congress would exert itself to avoid limitation or restriction of such claims, and at the same time be quite willing to permit them to be destroyed entirely. A prohibition of limitation or restriction car-ries an implied prohibition of destruction. To destroy a legal right is to limit it to the smallest possible compass. It is in fact the greatest possible restriction. To declare plaintiff's claim forfeited would clearly violate the plain mandate of Congress, expressed in § 624 of the Act.

It is therefore, ordered that the motion of plaintiff in this case for summary judgment in his favor be, and it is, hereby granted;

It is further ordered that defendants' motion for summary judgment, insofar as it is incompatible with above order, be, and the same is, hereby denied;

And it is further ordered that plaintiff prepare a form of judgment, together with all other documents necessary for the complete disposition of this case, in accordance with this memorandum and order, and lodge such documents with the Clerk of this Court, pursuant to the applicable rules and statutes.